UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Jeffery Day,**

    *Plaintiff*,

v.                                                 Case No. 3:16-cv-437
                                                       Judge Thomas M. Rose

**Kim DeLong,** *et al.***,**

    *Defendants.*

___

**ENTRY AND ORDER DENYING DEFENDANTS MONTGOMERY COUNTY SHERIFF ROBERT STRECK AND MONTGOMERY COUNTY BOARD OF COMMISSIONERS' MOTION FOR RECONSIDERATION OF ENTRY AND ORDER ON PARTIES' MOTION FOR SUMMARY JUDGMENT, ECF 126, AND DENYING MOTION FOR RECONSIDERATION OF ENTRY AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS NAPHCARE INC., JACK SAUNDERS. ECF 131.**

___

Pending before the Court are Defendants Montgomery County Sheriff Robert Streck and Montgomery County Board of Commissioners' Motion for Reconsideration of Entry and Order on Parties' Motion for Summary Judgment, ECF 126, and Motion for Reconsideration of Entry and Order Denying Motion for Summary Judgment by Defendants NaphCare Inc., Jack Saunders. ECF 131.

**I.**     **Background**

On January 9, 2019, the Court denied summary judgment as to Plaintiff's Second Claim: "Deliberate Indifference to Serious Medical Need, Violating 42 U.S.C. § 1983." Entry and Order (ECF 122). The order held that a reasonable juror could find that a "policy" of NaphCare, Inc.

caused NaphCare EMT and Defendant Jack Saunders to unconstitutionally deny Plaintiff medical treatment.  The order further found that a county is liable for any constitutional deprivations caused by the policies or customs of a contracted medical provider. See *Ancata v. Prison Health Servs., Inc*., 769 F.2d 700, 705 (11th Cir. 1985).  The evidence of the potential "policy" was Saunders' testimony that NaphCare medics and nurses could not send an inmate to the hospital absent a "life threatening" issue, but must rather request that the inmate be seen by a nurse practitioner or the doctor, something which may not happen for days.

Both motions challenge this holding.

## II.     Standard of Review

A district court has authority under common law and Federal Rule of Civil Procedure 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) reads as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b)

When a court enters an order that does not adjudicate all of a party's claims, and the court has not directed entry of final judgment, the court has authority to reconsider the order pursuant to

2

the second sentence of Rule 54(b). See *United States v. Atlas Lederer Co.*, No. 3:91CV309, 2010 WL 2294312, *2 (S.D. Ohio June 4, 2010). "'[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Louisville/Jefferson Cty. Metro Govt. v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

**III. Analysis**

Saunders' testimony is evidence of a policy in the form of a practice that is so permanent and well-settled as to constitute a policy. *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). There is no requirement that such a policy be in writing. *Alphabet v. City of Cleveland*, No. 1:05 CV 1792, 2006 U.S. Dist. LEXIS 83490, *6, 2006 WL 3241785 (N.D. Ohio Nov. 7, 2006) ("The policy or custom need not necessarily be a formal, written policy."); citing *Gregory v. Shelby County*, 220 F.3d 433, 441-442 (6th Cir. 2000); see also *Strayhorn v. Caruso*, No. 11-15216, 2012 U.S. Dist. LEXIS 132396, *11 (E.D. Mich. Aug. 15, 2012) ("Under *Monell*, '[m]unicipal policy need not be a written ordinance; it may be a 'statement' or 'decision' by a high-ranking official . . . 'whose edicts or acts may fairly be said to represent official policy.'"); quoting *Hescott v. City of Saginaw*, 894 F. Supp.2d 977, 989 (E.D. Mich. 2012)

Moreover, "a county is liable for any constitutional deprivations caused by the policies or customs of a contracted medical provider" *Ancata v. Prison Health Services, Inc*. 688 F.2d 1328, 1334 (11th Cir. 1985); *Hearn v. City of Gainesville*, 688 F.2d 1328, 1334 (11th Cir. 1982); see also *Payne v. Sevier County*, E.D. Tenn No.: 3:14-CV-346-PLR-CCS, 2016 U.S. Dist. LEXIS 15983, *32, 2016 WL 552351 (Feb. 10, 2016); *Cuyahoga Cty. v. State Auto. Mut. Ins., Co.*, No.

3

1:08-CV-01339, 2012 U.S. Dist. LEXIS 153794, at *15-16 (N.D. Ohio Oct. 25, 2012) ("By allowing MMS to establish and implement policies and procedures for the non-delegable responsibility to provide adequate healthcare to inmates, the County, by law, assumed those policies and procedures as its own."); *Lowe v. Cuyahoga Cty.*, No. 1:08-CV-01339, 2011 U.S. Dist. LEXIS 150774, at 31 (N.D. Ohio Dec. 8 2011); *Martin v. Corr. Corp. of Am.*, No. 05-2181, 2006 U.S. Dist. LEXIS 5064, at *15-17 (W.D. Tenn. Jan. 17, 2006).

Saunders testified that neither he nor any of the other medical professionals working the night shift at the Montgomery County Jail were permitted to send an inmate to the hospital for anything less than "[l]ife threatening issues." (Depo. Saunders, ECF 79, PageID 1335-36) He did not claim to have created this policy. He simply testified as to what he was and was not permitted to do as part of his job. Thus, a reasonable juror could conclude that this policy did not come from Saunders, but from his supervisors, the persons empowered to make policy for the provision of health care to the inmates of the Montgomery County Jail.

Although Plaintiff has not "establish[ed] a custom of deliberate indifference to the serious healthcare needs" of inmates, in the event that the jury found a violation of the plaintiff's constitutional rights, he will be permitted to introduce evidence or testimony as to other cases, in order to prove a pattern or practice of constitutional violations pursuant to which the County itself might be held liable. See, e.g., *Wade v. Montgomery Cty.*, Case No. 3:17-cv-051, 2018 U.S. Dist. LEXIS 204679, *21-23, 2018 WL 6329831 (S.D. Ohio Dec. 4, 2018).

For this reason, both the Montgomery County Defendants' Motion to Reconsider, ECF 126, and the NaphCare Defendants' Motion to Reconsider, ECF 131, are **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, March 7, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE