IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Day, | : | |
| Plaintiff, | : | |
| | : | Case No. 3:16-CV-00437 |
| vs. | : | |
| | : | Judge Thomas M. Rose |
| Sgt. Kim Delong, et al., | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | : | |

## MOTION ON BEHALF OF DEFENDANTS JACK SAUNDERS, EMT AND NAPHCARE, INC. TO EXCLUDE OR, IN THE ALTERNATIVE, TO COMPEL

Defendants Jack Saunders, EMT and NaphCare, Inc. respectfully move this Court to exclude Plaintiff's Exhibit 44, consisting of two "photographs" of a sign allegedly hanging in the medic's office at the Montgomery County Jail. The exhibit is entirely irrelevant to any issue in this case, was created or produced years after the incident(s) in this case, is highly inflammatory and is unfairly prejudicial to these Defendants. For these reasons, the exhibit should be excluded from the trial of this matter. In the alternative, these Defendants respectfully move this Court for an Order compelling Plaintiff's counsel provide answers to legitimate discovery to determine the timing, creation or production of such exhibit so that these Defendants can properly defend this case. The reasons for this Motion are set forth in the following Memorandum.

LAW OFFICES OF

ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

Respectfully submitted,

**s/ John B. Welch**
John B. Welch (0055337)
Counsel for Defendants Jack Saunders, EMT
and NaphCare, Inc.
ARNOLD TODARO WELCH & FOLIANO CO., L.P.A.
580 Lincoln Park Blvd., Suite 222
Dayton, OH 45429
Phone (937) 296-1600
Fax (937) 296-1644
jwelch@arnoldlaw.net

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

This case arises out of Plaintiff Mr. Jeffrey Day's arrest and five-day incarceration at the Montgomery County Jail *from November 27, 2015 to December 1, 2015*. Plaintiff's claims against these Defendant include deliberate indifference to a serious medical need under 42 U.S.C. § 1983 and medical negligence.

Plaintiff's Exhibit 44 consists of two *photographs* of a sign that reads "If you can talk then you obviously can f***ing breathe". Plaintiff first produced this exhibit on November 30, 2018 – several months after the original discovery cutoff date in the case of July 2, 2018 – for use at trial. As the exhibit was first produced well after discovery, not one witness authenticated, identified or testified about Plaintiff's Exhibit 44. Co-Defendants (Montgomery County Sheriff Robert Streck and the Montgomery County Board of Commissioners ("County Defendants")) moved the Court in limine to exclude proposed Plaintiffs' Exhibit 44. (Doc #119, PAGEID ##3311-3312.) That motion was made on the grounds the exhibit was unauthenticated, not relevant to *Mr. Day's allegations* and was unfairly prejudicial. For instance, there was no evidence who posted the sign, when the sign was even posted, who took the photographs, when

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

2

the photographs were taken, etc. Plaintiff responded that the "photographs" show a sign posted to the bulletin board inside the Montgomery County Jail's medic's office and that the sign is highly probative of the attitude of jail staff toward inmate medical complaints and the clear "disdain" for inmate medical complaints conveyed by the sign. (Doc #128, PAGEID #3424.) Plaintiff claimed to the Court the sign demonstrates the Defendants' deliberate indifference *to Mr. Day* and is therefore relevant specifically to Plaintiff's claims for *punitive damages* against Jack Saunders, individually, *in this case*. Thus, Plaintiff/Plaintiff's counsel represented to this Court, at the very least by inference, that such sign was hanging in Mr. Saunders' office at the time he screened Mr. Day on November 27, *2015*. Following an additional reply by the County Defendants, this Court ruled that Plaintiff's Exhibit 44 would be "admissible". (Doc #135, PAGEID #3471.) However, following a continuance of the trial date, this Court granted a motion to reopen discovery regarding Plaintiff's Exhibit 44, so the circumstances surrounding the exhibit could be investigated. (See Notation Order filed 2/22/19.) That discovery deadline was set for April 15, 2019. *Id.*

**II.** **LAW AND ARGUMENT**

Fed. R. Evid. 901(a) states in part:

> To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

Plaintiff claims that Plaintiff's Exhibit 44 is evidence of Mr. Saunders' disdain for Mr. Day's medical complaints and is evidence of not only deliberate indifference but punitive damages against Jack Saunders *individually*. Plaintiff also at least infers that such sign was hanging in Mr. Saunders' office when he evaluated Mr. Day on November 27, *2015*. Yet, Plaintiff has produced no evidence, no witness and no testimony identifying or, more specifically, *authenticating* Plaintiff's Exhibit 44 to support what they claim it is, as above. In fact, the evidence is just the opposite.

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

3

Jack Saunders, EMT was employed by NaphCare, Inc. from April 5, 2010 until October 4, 2017. (See Second Affidavit of Jack Saunders, EMT, attached hereto as Exhibit A, ¶ 1.) Mr. Saunders worked full-time and his general shift was 11:00 p.m. to 7:00 a.m. (See Affidavit of Jack Saunders, ¶ 2.) Mr. Saunders has never seen the sign depicted in Plaintiff's Exhibit 44. (See Affidavit of Jack Saunders, ¶ 5.) Mr. Saunders also states that the sign depicted in Exhibit 44 was never hanging in the medic's office at the Montgomery County Jail during his entire employment at NaphCare, Inc. and certainly was not hanging in the office at the time he evaluated Mr. Day in the early morning hours of November 27, *2015*. (See Affidavit of Jack Saunders, ¶¶ 6, 8.)

Therefore, the photographs/sign cannot possibly have any relevance to the allegations *in this case*. While Plaintiff claims the sign is evidence of Mr. Saunders' "disdain" for inmates' complaints because Mr. Day was ignored for five days, that is not at all consistent with the facts of this case. Mr. Saunders did his initial screening of Mr. Day, specifically noted his complaints and put him on a list to be seen by the doctor or nurse practitioner *as a priority that day*. Mr. Saunders did not ignore or blow off Mr. Day in any manner whatsoever. The issue as to Mr. Saunders is whether or not he should have made immediate arrangements to send Mr. Day to the hospital because of his *pain complaints* in his leg, rather than putting him on a priority list to be seen that day. The question for the jury is simply whether that conduct constitutes deliberate indifference and/or medical negligence. Mr. Day did not have nor did he complain of any respiratory difficulties, inability to breathe, etc. Furthermore, Plaintiff's claim that Mr. Day was not seen or evaluated after Mr. Saunders' evaluation is not relevant to any issues or to Mr. Saunders in this case. Plaintiff did not sue any other individual employees of NaphCare or did Plaintiff sue the doctor or nurse practitioner on call who purportedly should have seen Mr. Day in follow up.

Plaintiff wants to use the sign as a basis for punitive damages against Jack Saunders in circumstances where the sign did not even exist in 2015 and in circumstances where the sign

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

4

is not relevant to the facts and circumstances of this case in any event. The facts of the case are that Mr. Saunders evaluated and treated Mr. Day and put him on a priority list to be seen. He had no further obligation thereafter given his job duties and responsibilities. Plaintiff claims Mr. Saunders "didn't do enough" and the issue for the jury is whether that claim of not "doing enough" is medical negligence or deliberate indifference or forms a basis for any punitive damages. Again, Plaintiff did not sue a doctor or nurse practitioner who would even be purportedly responsible for follow up nor would those individuals even see or treat Mr. Day in the 'medic's' office.

Under Fed. R. Evid. 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence *and* the fact is of consequence in determining the action. Under the circumstances of *this case* involving Mr. Day, the photographs in Plaintiff's Exhibit 44 are simply not relevant to the issues in this case which occurred in *2015*. In addition, any potential relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury under Fed. R. Evid. 403. Therefore, these Defendants respectfully request this Court for an Order excluding Plaintiff's Exhibit 44 from the trial of this matter.

### III. **DISCOVERY**

In re-opening discovery on Plaintiff's Exhibit 44, the County Defendants sent Plaintiff an interrogatory stating:

> Please identify by name, address, and telephone number any person you intend to call as a witness to testify regarding the photograph identified as PX 44 to Document 113-6, Appendix G to Plaintiff's Trial Exhibits.

(Second Set of Interrogatories of [County Defendants] Directed to Plaintiff Jeffrey Day, attached hereto as Exhibit B.) The clear purpose of the interrogatory was to not only investigate Plaintiff's Exhibit 44 but to ask Plaintiff who and/or how Plaintiff would identify and authenticate the exhibit as required under Evid. R. 901. Plaintiff's response:

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

5

ANSWER: Attorney-client privilege.

It is beyond odd Plaintiff would refuse to answer a simple question about authenticity of Plaintiff's own exhibit by invoking the attorney-client privilege. This interrogatory answer was received by Plaintiff's counsel on March 27, 2019. (Exhibit B.) Regardless, the answer to the interrogatory makes it clear that Plaintiff has no intention of *authenticating* Plaintiff's Exhibit 44 as required under Evid. R. 901. On this basis alone, the exhibit should be withdrawn or excluded from trial.

The internal investigation by Major Matthew Haines sheds considerable light on Plaintiff's answer to this interrogatory and the actual creation, production and timing of Plaintiff's Exhibit 44. It appears the sign was *first* posted on the bulletin board in the first floor medic's office on October 9, *2018*. (Doc #148-1, PAGEID #3643.) Then on **October 14, 2018**, a "photograph" of the sign is apparently taken with a cell phone by Jennifer Angerer.[1] (Doc #148-1, PAGEID #3643.) Approximately ten minutes later, Ms. Angerer moves the sign slightly to the left on the bulletin board and shortly thereafter takes a second "photograph" using her cell phone. (Doc #148-1, PAGEID #3643.) Just five days later, on October 19, 2018, Ms. Angerer removes the sign from the bulletin board and throws it away in the trash. (Doc #148-1, PAGEID #3644; see also screenshot (Doc #148-1, PAGEID ##3648-3652).) Therefore, the "photographs" depicted in Plaintiff's Exhibit 44 were created (taking the photograph) by Ms. Angerer on October 14, 2018, **just under three years after Mr. Saunders saw Mr. Day**. As such, it appears it was Ms. Angerer who *created and produced* Plaintiff's Exhibit 44. The sign apparently was on the bulletin board in the medic's office for a sum total of eleven days – just a few months ago – in October *2018*; again, almost three years **after** the Jeffrey Day incident.

In follow-up discovery, the County Defendants subpoenaed Ms. Angerer for a deposition and her cell phone for April 5, 2019 so defense counsel could ask Ms. Angerer questions about Plaintiff's Exhibit 44, which she apparently created, i.e. by taking the photographs in October

---

[1] Jennifer Angerer was employed by NaphCare, Inc. from January 2, 2015 until August 2, 2015 and again from March 14, 2016 until December 18, 2018. Ms. Angerer was **not** employed at NaphCare, Inc. on November 27, 2015. (See Affidavit of Jennifer Miller, Director of Human Resources of NaphCare, Inc., attached hereto as Exhibit C.)

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

2018. (Doc #147-1, PAGE ID #3623.) That deposition went forward and now has been filed with the Court. (Doc #147.) At the deposition, Ms. Angerer was represented by her personal attorney – Dwight Brannon – the very same Plaintiff's counsel *in this case*. (Doc #147, PAGEID #3579.) Defense counsel reiterated that the purpose of the deposition was to inquire into any knowledge Ms. Angerer had into the photographs – Plaintiff's Exhibit 44. (Doc #147, PAGEID ##3576-3577.) Immediately, Ms. Angerer's personal attorney Dwight Brannon objected and indicated Ms. Angerer would not answer any questions based on her "Fifth Amendment privilege". (Doc #147, PAGEID #3577.) Mr. Brannon repeatedly instructed her not to answer any questions whatsoever regarding Plaintiff's Exhibit 44 based on her Fifth Amendment right to remain silent. Again, the objection is quite odd, given defense counsel, with the Court's permission, is simply attempting to discover information regarding an exhibit Mr. Brannon himself wants to utilize at trial against these Defendants. Ms. Angerer is under no investigation, criminal or otherwise, regarding this case or this so-called exhibit. (Doc #48-1, PAGEID #3644.) Ms. Angerer did confirm she has had the same cell phone for approximately one year (which would include the October 2018 timeframe) and that the cell phone has a camera with which she took pictures, following which Mr. Brannon again objected and asserted a Fifth Amendment privilege. (Doc #147, PAGEID ##3602-3604.)

As to the exhibit itself, Mr. Brannon stated on the record at the deposition that "it was there for a month", then infers that may it had been up there (i.e. hanging) "forever". (Doc #147, PAGEID #3583.) Then Mr. Brannon represented and stated on the record that Ms. Angerer had "nothing to do with the production" of Plaintiff's Exhibit 44:

> Q. Okay, ma'am, the court reporter has just handed you what has been marked for purposes of identification as Defendants' Exhibit 3. Have you seen this before – this document before?
>
> MR. DWIGHT BRANNON: I'm going to object to that, again advice of counsel, Fifth Amendment. This is the piece of the matter that's in evidence in the civil case, and she is not going to answer any questions about that.

LAW OFFICES OF

ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

7

>MR. SAKS: So I'm just going to note for purposes of the record that the document that's been marked as Defense Exhibit 3 is one of two photographs that was produced by plaintiff's counsel and has been identified as plaintiff's Exhibit PX 44 on plaintiff's final pretrial order. I believe it was filed as document number 113-6. That reference may be inaccurate. But in any event, it's been identified as PX 44.
>
>MR. DWIGHT BRANNON: **That is correct. This witness has no -- nothing to do with the production of that as evidence in this case.**

(Doc #147, PAGEID ##3605-3606.)

The purpose of Ms. Angerer's deposition was to ask her questions and show her the screenshots/video of her taking a picture and/or creating Plaintiff's Exhibit 44. Instead, Mr. Brannon shows up at the deposition as her personal attorney and for reasons that are not at all clear, instructs her not to answer any questions as to Plaintiff's Exhibit 44 on the grounds of the Fifth Amendment. *Morgan v. Roth*, 718 F.2d, 161, 167 (6th Cir. 1983) (there must be a valid assertion of the Fifth Amendment privilege).

It should again be noted that the purpose of deposing Ms. Angerer was simply to investigate the facts and circumstances surrounding Plaintiff's exhibit which he intends to use at trial to support his claims against Mr. Saunders, including *punitive damages*. Defendants have not and do not allege any improper criminal conduct on the part of Ms. Angerer (she simply took a picture creating Plaintiff's Exhibit 44). Defendants agree that Ms. Angerer, as an EMT and former employee of NaphCare, Inc., had no involvement in the care and treatment of Mr. Day in November 2015. She was not even employed by NaphCare, Inc. at the time. Such facts were confirmed by questions of Plaintiff's co-counsel Doug Brannon at Ms. Angerer's deposition. (Doc #147, PAGEID ##3612-3614.) Defendants agree and that is the point. Ms. Angerer herself – and specifically this exhibit (Plaintiff's Exhibit 44) – have nothing to do with this case. Ms. Angerer was not employed by NaphCare, Inc. at the time of this case and took a picture, i.e. created and produced Plaintiff's Exhibit 44, three years after the fact.

LAW OFFICES OF

ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

8

Under these circumstances, the undersigned defense counsel specifically asked Mr. Brannon at Ms. Angerer's deposition whether he would be withdrawing Plaintiff's Exhibit 44. Mr. Brannon's response:

> MR. DWIGHT BRANNON: Absolutely not. It has nothing to do with this witness. I think it was -- the Court has already stated that we may use it, and there's going to be no withdrawal of anything that the Court has allowed.

(Doc #147, PAGEID #3611.)

Plaintiff's Exhibit 44 has nothing to do with this case. It was created by Ms. Angerer three years after the fact, yet Plaintiff's counsel still intends to utilize the exhibit against these Defendants at trial. This Court allowed discovery regarding the circumstances of this exhibit and at Ms. Angerer's deposition, Mr. Brannon shows up as her personal attorney, instructs her not to answer any questions based on the Fifth Amendment (despite there being no criminal investigation whatsoever) and then tells *defense counsel* to go to hell:

> Q. Ma'am, the court reporter has placed a copy of the exhibit that you will be reviewing in front of you. Take a minute to review that, if you wish. It's two pages. You can review the second page if you would like, as well.
>
> MR. DWIGHT BRANNON: We're familiar with it, but she's not going to answer any questions about the subpoena, because, again, it's an indirect method to attempt to try to implicate her in regards to crimes for which she would take the Fifth Amendment.
>
> MR. SAKS: Okay. I'm going to ask you not to make speaking objections. There's no question that had even been posed.
>
> MR. DWIGHT BRANNON: You can ask me. **You can go to hell. I'll do what I want to do.**

(Doc #147, PAGEID ##3585-3586.)

Under the circumstances of this case and this additional discovery, Plaintiff's Exhibit 44 should be withdrawn. If it is not withdrawn, these Defendants respectfully request this Court to exclude Plaintiff's Exhibit 44 at the trial of *this case involving Jeffrey Day*. In the alternative, based upon Plaintiff's allegations and the evidence discovered to date, these Defendants

LAW OFFICES OF
ARNOLD TODARO WELCH & FOLIANO
SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

9

respectfully request this Court for an Order compelling Plaintiff and/or Plaintiff's counsel to additional discovery by way of deposition.

Respectfully submitted,

**s/ John B. Welch**
John B. Welch (0055337)
Counsel for Defendants Jack Saunders, EMT
and NaphCare, Inc.
ARNOLD TODARO WELCH & FOLIANO CO., L.P.A.
580 Lincoln Park Blvd., Suite 222
Dayton, OH 45429
Phone (937) 296-1600
Fax (937) 296-1644
jwelch@arnoldlaw.net

CERTIFICATE OF SERVICE

I hereby certify that on 15th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Douglas D. Brannon, Esq.
Dwight D. Brannon, Esq.
Brannon & Associates
130 West Second Street
Suite 900
Dayton, OH 45402
dbrannon@branlaw.com
Counsel for Plaintiff

Michael L. Wright, Esq.
Wright & Schulte LLC
130 West Second Street
Suite 1600
Dayton, OH 45402
mwright@yourohiolegalhelp.com
co-Counsel for Plaintiff

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

10

Joseph D. Saks, Asst. Prosecuting Attorney
Alex J. Hale, Asst. Prosecuting Attorney
Montgomery County Prosecutor's Office
301 West Third Street
P.O. Box 972
Dayton, OH 45422
saksj@mcohio.org ; halea@mcohio.org
Counsel for Defendants Robert Streck and
Montgomery County Board of Commissioners

Joseph M. McCandlish, Asst. Attorney General
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, OH 43215
joseph.mcCandlish@ohioattorneygeneral.gov
Counsel for Defendant State of Ohio, Department of
Medicaid fka Ohio Department of Job & Family Services

                                        **s/ John B. Welch**
                                        John B. Welch (0055337)
                                        Counsel for Defendants Jack Saunders, EMT
                                        and NaphCare, Inc.
                                        ARNOLD TODARO WELCH & FOLIANO CO., L.P.A.
                                        580 Lincoln Park Blvd., Suite 222
                                        Dayton, OH 45429
                                        Phone   (937) 296-1600
                                        Fax  (937) 296-1644
                                        jwelch@arnoldlaw.net

LAW OFFICES OF

ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE   (937) 296-1600
FAX        (937) 296-1644

11

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Day,

    Plaintiff,

vs.

Sgt. Kim Delong, et al.,

    Defendants.

Case No. 3:16-CV-00437

Judge Thomas M. Rose

### SECOND AFFIDAVIT OF JACK SAUNDERS, EMT

STATE OF OHIO        )
                              ) SS.
COUNTY OF MONTGOMERY  )

    Jack Saunders, EMT, being duly sworn, states that he has personal knowledge of the facts contained in this Affidavit, that he is competent to testify to the matters herein and that all of the statements contained herein are true and correct to the best of his knowledge. Affiant further says:

    1.    I was employed by NaphCare, Inc. from April 5, 2010 until October 4, 2017.

    2.    I worked full-time and my general shift was 11:00 p.m. to 7:00 a.m.

    3.    I have reviewed two photographs, marked as "Plaintiff's Exhibit 44". (Doc #147-3 and #147-4, PAGEID ##3626-3627.)

    4.    It is my understanding it is alleged that the photograph or print stating: "If you can talk then you obviously can f***ing breathe" was posted in the medic's office at the Montgomery County Jail.

    5.    I have never seen the sign or photographs depicted in Plaintiff's Exhibit 44. (*Id.*)

# EXHIBIT A

6.  At no time during my employment at NaphCare, Inc. did I ever see such sign posted or hanging in the medic's office at the Montgomery County Jail.

7.  I evaluated Plaintiff in this case, Jeffrey Day, in the early morning hours of November 27, 2015 in my office, i.e. the medic's office.

8.  The sign depicted in Plaintiff's Exhibit 44 (*Id.*) was not posted or hanging in my office during the time I performed Mr. Day's initial screening nor at any other time to my observation.

FURTHER AFFIANT SAYETH NAUGHT.

Jack Saunders, EMT

Sworn to before me and subscribed in my presence by the said Jack Saunders, EMT, this 15TH day of April, 2019.

Notary Public   (FORMERLY ROCKEY)
Gayle C Rockey, Notary Public
In and for the State of Ohio
My Commission Expires Feb. 1, 2023

2

IN THE UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEFFREY DAY | * | CASE NO. 3:16-cv-437 |
| Plaintiff, | * | Judge Thomas M. Rose |
| vs. | * | |
| SGT. KIM DELONG, et al. | * | |
| Defendants. | * | |

### PLAINTIFF'S ANSWERS TO
### SECOND SET OF INTERROGATORIES OF DEFENDANTS SHERIFF ROB STRECK
### AND THE MONTGOMERY COUNTY BOARD OF COMMISSIONERS, DIRECTED
### TO PLAINTIFF JEFFREY DAY

Now comes the Plaintiff, by and through counsel, and as and for his Answers to Second Set of Interrogatories of Defendants Sheriff Rob Streck and The Montgomery County Board of Commissioners, Directed to Plaintiff Jeffrey Day does hereby state the following:

### GENERAL OBJECTIONS

Plaintiff hereby interposes the following General Objections to each of the Interrogatories. The failure to reiterate any of the following General Objections in response to a particular Interrogatory is not intended to render any such objection irrelevant or inapplicable; nor should it be construed as a waiver thereof.

1. Plaintiff objects to the definitions and instructions included in the Second Set of Interrogatories of Defendants Sheriff Rob Streck and the Montgomery County Board of Commissioners Directed to Jeffrey Day to the extent that they are vague, ambiguous, overly broad and/or indefinite. Plaintiff further objects to said definitions and instructions to the extent that they expand, enlarge or otherwise alter the plain meaning of certain terms and the otherwise applicable obligations of Plaintiff in responding to Defendant's written discovery requests.

2. Plaintiff objects to said Interrogatories on the grounds and to the extent that they require Plaintiff to provide information that is beyond the scope of her general knowledge and/or expertise.

**EXHIBIT B**

3. Plaintiff objects to said Interrogatories on the grounds and to the extent that they are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to said Interrogatories on the grounds and to the extent that they are overly broad, unduly burdensome and/or oppressive.

5. Plaintiff objects to said Interrogatories on the grounds and to the extent that they seek to discover privileged information that is beyond the scope of permissible discovery.

6. Plaintiff objects to said Interrogatories to the extent that they call for information, documentation and/or materials that are not in their possession, custody or control.

7. Plaintiff objects to said Interrogatories on the grounds and to the extent that they are premature and require Plaintiff to provide information not in her possession, that has not yet developed, or which is subject to change through the course of discovery.

8. Plaintiff objects to said Interrogatories on the grounds and to the extent that they do not fully comport with the Ohio Rules of Civil Procedure.

9. Plaintiff objects to the extent that their investigation of facts, allegations and averments that form the basis of Plaintiff's Complaint and all related matters is ongoing. Any responsive information provided by Plaintiff is based upon information presently available to her. Said information is offered without waiver or prejudice to Plaintiff's right to supplement, amend, change and/or withdraw the same at any time hereafter.

10. Plaintiff offers her answers to Defendant's interrogatories and document requests without waiving: (1) the right to object to the use of any of their responses and/or the information provided herein for any purpose in this, or any other action or proceeding; (2) the right to object to any other request involving the subject matter of their responses; and (3) the right to revise, correct, clarify or supplement any response or portion thereof.

Without waiving any of the foregoing objections, Plaintiff further state as follows:

**INTERROGATORIES**

1. Please identify by name, address, and telephone number any person you intend to call as a witness to testify regarding the photograph identified as PX 44 to Document 113-6, Appendix G to Plaintiff's Trial Exhibits.

**ANSWER:** Attorney-client privilege

Respectfully submitted,

_____
Dwight D. Brannon (0021657)
Douglas D. Brannon (0076603)
BRANNON & ASSOCIATES
130 W. Second St. Suite 900
Dayton, OH 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dbrannon@branlaw.com
douglasbrannon@branlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the foregoing pleading has been served upon the following counsel of record via regular U.S. Mail on this ___ day of March, 2019.

John B. Welch
Arnold Todaro & Welch Co. LPA
580 Lincoln Park Blvd., Suite 222
Dayton, OH 45419
Attorney for Defendants Jack Saunders EMT, and Naphcare, Inc.

Joseph D. Saks
Alex J. Hale
Assistant Prosecuting Attorney
Montgomery County Prosecutor's Office
301 W. Third St.
P O Box 972
Dayton, OH 45422
Co-Counsel for Defendants Montgomery County Sheriff Phil Plummer and Montgomery County Board of Commissioners

_____
Dwight D. Brannon

3

## **VERIFICATION OF INTERROGATORY ANSWERS**

STATE OF OHIO            )
                         )  SS:
COUNTY OF MONTGOMERY )

Jeffrey Day, being first duly sworn according to law, deposes and says as follows:

I am the Plaintiff in this case. I have read the foregoing answers to the First Set of Interrogatories of Defendants Sheriff Phil Plummer and the Montgomery County Board of Commissioners, and, to the best of my knowledge, information, and belief, they are true and correct.

Further affiant sayeth naught.

X _____
Jeffrey Day

Sworn to before me and subscribed in my presence this

3/22/19
Date

_____
Notary Public

My commission expires

_____
Date

DWIGHT D. BRANNON, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03 O. R. C.

5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Day,

    Plaintiff,

vs.

Sgt. Kim Delong, et al.,

    Defendants.

Case No. 3:16-CV-00437

Judge Thomas M. Rose

## AFFIDAVIT OF JENNIFER MILLER, DIRECTOR OF HUMAN RESOURCES OF NAPHCARE, INC.

STATE OF ALABAMA    )
                               ) SS.
COUNTY OF JEFFERSON  )

Jennifer Miller, Director of Human Resources of NaphCare, Inc., being duly sworn, states that she has personal knowledge of the facts contained in this Affidavit, that she is competent to testify to the matters herein and that all of the statements contained herein are true and correct to the best of her knowledge. Affiant further says:

1. I am Jennifer Miller, Director of Human Resources for NaphCare, Inc.

2. I have viewed employment records for the purposes of start and end dates of employment for Ms. Jennifer Angerer.

3. Ms. Angerer was employed by NaphCare, Inc. from January 2, 2015 until August 2, 2015. Ms. Angerer was then re-hired and was employed at NaphCare, Inc. from March 14, 2016 until December 18, 2018. Ms. Angerer was not employed by NaphCare, Inc. on November 27, 2015.

LAW OFFICES OF
ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

**EXHIBIT C**

FURTHER AFFIANT SAYETH NAUGHT.

_Jennifer Miller_
Jennifer Miller, Director of Human Resources
of NaphCare, Inc.

Sworn to before me and subscribed in my presence by the said Jennifer Miller, Director of Human Resources of NaphCare, Inc., this __11__ day of April, 2019.

_Stacie J Carter_
Notary Public

STACIE J. CARTER
Notary Public
Alabama State at Large

LAW OFFICES OF

ARNOLD TODARO
WELCH & FOLIANO

SUITE 222
580 LINCOLN PARK BLVD.
DAYTON, OH 45429
PHONE (937) 296-1600
FAX (937) 296-1644

2