# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**Jeffery Day,**

*Plaintiff,*

**v.**                                                                 **Case No. 3:16-cv-437**
                                                                       **Judge Thomas M. Rose**

**Kim DeLong,** *et al.*,

*Defendants.*

_____

**ENTRY AND ORDER:**

> **DENYING RENEWED MOTION IN LIMINE TO EXCLUDE PX 44; MOTION IN THE ALTERNATIVE TO COMPEL DEPOSITION TESTIMONY, ECF 148;**
>
> **DENYING MOTION ON BEHALF OF DEFENDANTS JACK SAUNDERS, EMT AND NAPHCARE, INC., TO EXCLUDE OR, IN THE ALTERNATIVE, TO COMPEL, ECF 151;**
>
> **GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HEALTH CARE REIMBURSEMENT DETERMINATIONS UNDER OHIO REV. CODE § 2317.45, ECF 157;**
>
> **GRANTING MOTION IN LIMINE TO EXCLUDE SOCIAL SECURITY ADMINISTRATION DISABILITY FILE FILED BY DEFENDANTS MONTGOMERY COUNTY BOARD OF COMMISSIONERS, ROBERT STRECK, ECF 159; AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S SOCIAL SECURITY ADMINISTRATION DISABILITY FILE, ECF 197;**
>
> **GRANTING DEFENDANTS MONTGOMERY COUNTY SHERIFF ROBERT STRECK AND MONTGOMERY COUNTY BOARD OF COMMISSIONERS' MOTION IN LIMINE TO EXCLUDE JANUARY 2019 EMPLOYEE NEWSLETTER, ECF 161;**
>
> **DENYING DEFENDANTS MONTGOMERY COUNTY SHERIFF ROBERT STRECK AND MONTGOMERY COUNTY BOARD OF**

**COMMISSIONERS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE 2016 OHIO DEPARTMENT OF REHABILITATION AND CORRECTION ANNUAL JAIL INSPECTION REPORT, ECF 162;**

**GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALLEGED RELEASE REGARDING MEDICAL TREATMENT, ECF 164, THE MOTION IS GRANTED WITH REGARD TO PLAINTIFF'S § 1983 CLAIM, BUT DENIED WITH REGARD TO PLAINTIFF'S MEDICAL NEGLIGENCE CLAIM;**

**GRANTING DEFENDANTS MONTGOMERY COUNTY BOARD OF COMMISSIONERS, AND ROBERT STRECK'S MOTION TO STRIKE WITNESSES, OR IN THE ALTERNATIVE, MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESS IDENTIFIED BY PLAINTIFF, ECF 181; AND GRANTING MOTION IN LIMINE ON BEHALF OF DEFENDANTS JACK SAUNDERS, EMT AND NAPHCARE, INC. TO EXCLUDE PLAINTIFF'S LATE-IDENTIFIED WITNESSES, ECF 194;**

**DENYING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE APPORTIONMENT, ECF 183;**

**GRANTING PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT INTRODUCTION OF EVIDENCE OR TESTIMONY REGARDING CRIMINAL CHARGES, ECF 185;**

**DENYING PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT INTRODUCTION OF EVIDENCE OR TESTIMONY REGARDING ACCIDENT AND ARREST, ECF 186;**

**DENYING PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT THE USE OF THE "EMPTY CHAIR" DEFENSE, ECF 184;**

**DENYING AS MOOT MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS EXPERT HOWARD L. CASTON, Ph.D. UNDER DAUBERT AND FED. EVID. R. 702, AND EXCLUDE ANY ATTEMPT TO OFFER A MEDICAL OPINION UNDER FED. EVID. R. 601, ECF 215;**

**GRANTING MOTION ON BEHALF OF DEFENDANTS JACK SAUNDERS, EMT AND NAPHCARE, INC. FOR LEAVE TO SUBSTITUTE EXPERT WITNESS FOR HOWARD L. CASTON, Ph.D., ECF 217; DEFENDANTS ARE TO FILE SUBSTITUTE EXPERT REPORT OF JOHN BURKE, Ph.D. NO LATER THAN FEBRUARY 7, 2020.  PLAINTIFF IS GRANTED UNTIL FEBRUARY 28, 2020 TO DEPOSE DR. BURKE.**

It is hereby **ORDERED** that:

Motion in Limine to Exclude PX 44; Motion in Alternative to Compel Deposition Testimony and Motion on Behalf of Defendants Jack Saunders, EMT and NaphCare, Inc., to Exclude or, in the Alternative, to Compel, ECF 151, are **DENIED**. The motion seeks to exclude pictures of a jail bulletin board with a sign on it. As long as Plaintiff is able to establish a proper foundation for its exhibit, i.e., that it reflects a fair and accurate depiction of the jail when the events of this case occurred, it will be admitted. As for compelling testimony, a witness who faces a reasonable possibility of prosecution can assert the Fifth Amendment privilege against self-incrimination. *W.J. Usery v. Brandel*, 87 F.R.D. 670, 682-83 (W.D. Mich. 1980).

Motion in Limine to Exclude Evidence of Health Care Reimbursement Determinations Under Ohio Rev. Code § 2317.45, ECF 157, is **GRANTED**. Pursuant to Ohio Rev. Code § 2317.45, a "reimbursement determination issued by the United States Centers for Medicare and Medicaid services or the Ohio Department of Medicaid regarding the health care services provided to the patient in any civil action based on a medical claim are not admissible as evidence for or against any party in the action and may not be used to establish a standard of care or breach of that standard of care in the action." Plaintiff has state law claims for medical negligence and deliberate indifference. Therefore, the motion is granted. See *Grossman v Kettering*, 2017-cv-1983 (Mont. Co. Comm. Pleas May 14, 2019) (Huffman, J.).

Motion in Limine to Exclude Social Security Administration Disability File by Defendants Montgomery County Board of Commissioners and Robert Streck, ECF 159, is **GRANTED**. The Social Security determination was unconcerned with causation and the expert testimony contained therein was not subject to discovery or cross-examination by Defendants in this case. "'An SSA disability determination is of dubious probative value in a personal injury action.... The lack of a meaningful adversarial process with respect to the cause, existence and extent of a plaintiff's alleged disability renders the SSA's conclusions on that issue unreliable.'" *Roach v. Hughes*, No. 4:13-CV-00136, 2016 WL 9460306 at *4 (W.D. Ky. Mar. 9, 2016) (quoting *Villanueva v. Zimmer*, 69 A.3d 131, 142 (N.J. Super. Ct. App. Div. 2013);

Defendants Montgomery County Sheriff Robert Streck and Montgomery County Board of Commissioners' Motion in Limine to Exclude January 2019 Employee Newsletter, ECF 161, is **GRANTED**. The January 2019 Montgomery County Sheriff's Office Employee Newsletter is not relevant to the remaining claims which are against NaphCare and Jack Saunders for medical

negligence and deliberate indifference of medical need and whether Montgomery County is liable for this under *Monell*.   The Newsletter, written years after, as a means of remedying problems at the jail, was directed at County employees, not Defendant NaphCare and its contractor, Defendant Jack Saunders, is thus not relevant.

Defendants Montgomery County Sheriff Robert Streck and Montgomery County Board of Commissioners' Motion in Limine to Exclude Evidence Relating to the 2016 Ohio Department of Rehabilitation and Correction Annual Jail Inspection Report, ECF 162, is **DENIED**.   It is reasonable to infer that the Jail's overcrowding may have contributed to and may have exacerbated any problems with the Jail's health care resources

Plaintiff's Motion in Limine to Exclude Alleged Release Regarding Medical Treatment, ECF 164, is **GRANTED IN PART**.   The release from medical liability Plaintiff signed when he was arrested released from liability a party that is no longer part of the case.   Because joint and several liability does not apply to § 1983 claims, the release may not be argued or considered with regard to any § 1983 injury suffered in the jail. See *Weeks v. L.R. Chaboudy*, 984 F.2d 185, 189 (6th Cir.1993).   However, Plaintiff's claims for medical negligence are subject to joint and several liability and apportionment. Plaintiff's release regarding medical treatment will be admitted for this purpose and may be argued with regard to Plaintiff's medical liability claim.

Defendants Montgomery County Board of Commissioners and Robert Streck's Motion to Strike Witnesses, or in the Alternative, Motion in Limine to Exclude Certain Witness Identified by Plaintiff, ECF 181; and Motion in Limine On Behalf of Defendants Jack Saunders, EMT and NaphCare, Inc. to Exclude Plaintiff's Late-Identified Witnesses, ECF 194. are **GRANTED**.   The witnesses disclosed for the first time after the close of discovery, and, indeed, less than thirty days before previously scheduled trial: Brenda Ellis, M.D., Greg Mills, R.N., Anthony Jones, R.N.-HAS, Theresa Wallace, R.N., Ashley Cox, R.N., April Merkt, R.N., Zachary Ramey, R.N., "NaphCare Nurse Provance." "NaphCare Nurse Hall." "NaphCare EMT Harvey." "NaphCare Nurse Caupp." Nichole Hockwalt, LPN, "NaphCare Nurse Spencer." "NaphCare Nurse Hoskins." C. Matlock EMT, "NaphCare employee Fawn – SBH." Chad Rowland, R.N., "NaphCare Nurse Osborne." "NaphCare Nurse Spencer." "NaphCare Nurse Dell SBH." "NaphCare Nurse Hall." Melissa Radford, LPN, Valerie Beirese NP, "NaphCare Nurse Turley." "NaphCare SBH Pless," will not be allowed to testify at trial.   This failure is neither substantially justified nor harmless, see Fed. R. Civ. P. 37(c), these individuals will not be allowed to testify at trial.

Plaintiff's Motion in Limine to Preclude Apportionment, ECF 183, is **DENIED**. While joint and several liability does not apply to § 1983 actions, apportionment among Defendants who are liable for a constitutional injury is appropriate. See *Missouri v. Jenkins*, 495 U.S. 33, 54 (1990).

Plaintiff's Motion in Limine to Prohibit Introduction of Evidence or Testimony Regarding Criminal Charges, ECF 185, is **DENIED**. Plaintiff requests that the Court restrict any introduction of evidence or testimony regarding the fact that Day was arrested and charged with obstructing official business, a charge that was dismissed for speedy trial reasons. However, the auto accident that initiated Plaintiff's interaction with police is relevant to determining what proximately caused the injury Plaintiff claims in his medical negligence claim. Similarly, Defendant claims its expert witness will testify that Plaintiff's decision to waive transportation to the hospital at the scene of the accident may have exacerbated injuries sustained in the accident. This testimony is relevant for these purposes. Compare *Faubel v. City of Stamford*, No. CV085012985, 2010 WL 744930, at *9 (Conn. Super. Ct. Jan. 25, 2010); c.f *Nat'l Sur. Co. v. Boone*, 227 Ala. 599, 604, 151 So. 447, 450-51 (1933). The names of the charges against Plaintiff are not relevant and reference to them will be prohibited.

Plaintiff's Motion in Limine to Prohibit Introduction of Evidence or Testimony Regarding Accident and Arrest, ECF 186; is similar to the preceding motion, requesting that the Court restrict introduction of evidence concerning the accident in which Plaintiff was injured. It is **DENIED** for the same reason: the events at the scene of the accident are relevant to Plaintiff's medical negligence claim against NaphCare and Saunders. The injury proximately caused in this claim must be differentiated from injury caused by the accident and from Plaintiff's decision to decline transportation to the hospital from the scene of the accident.

Plaintiff's Motion in Limine To Prohibit the Use of the "Empty Chair" Defense, ECF 184, is **DENIED**. The motion requests that the Court prohibit introduction of, or testimony regarding any former Defendant in this case, specifically Sgt. Kim DeLong, Officer Kevin Wagner, and the City of Trotwood. The facts, evidence and testimony from Sergeant DeLong and Officer Wagner are relevant as to Plaintiff's medical malpractice claim. Defendants may offer evidence regarding the motor vehicle accident and whether it caused Plaintiff's injury, and evidence whether, after the police arrived, Defendant refused immediate medical treatment – which he claims he was denied. Defendants may also offer evidence that the police arrested Defendant and transported him to the Montgomery County Jail.

Motion to Exclude Testimony of Defendants Expert Howard L. Caston, Ph.D. under *Daubert* and Fed. Evid. R. 702, and Exclude Any Attempt to Offer a Medical Opinion Under Fed. Evid. R. 601, ECF 215, is **MOOT.** Dr. Caston, is a Ph.D. in vocational rehabilitation since 1987 who has been a licensed professional counselor and certified rehabilitation counselor since that time. Plaintiff would be free to cross examine Dr. Caston regarding his methodologies and conclusions. However, Dr. Caston has been diagnosed with a serious illness and cannot testify. ECF 217, PageID 4641.

Motion on Behalf of Defendants Jack Saunders, EMT and NaphCare, Inc. for Leave to Substitute Expert Witness for Howard L. Caston, Ph.D., ECF 217, is **GRANTED**. Because Dr. Caston's unavailability was caused by illness, justice requires allowing Defendants to substitute for him. Defendants are **ORDERED** to file substitute expert report of John Burke, Ph.D. no later than February 7, 2020. Plaintiff is **GRANTED** until February 28, 2020 to Depose Dr. Burke.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 23, 2019.


s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE